IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 16-cv-00210-GPG

ERNIE LEE CALBART,

    Plaintiff,

v.

ZIMMER, INC.,
ZIMMER HOLDING, INC., and
ZIMMER ORTHOPEDIC SURGICAL PRODUCTS, INC.

    Defendants.

---

ORDER GRANTING MOTION FOR RECONSIDERATION
AND GRANTING LEAVE TO PROCEED PURSUANT TO 28 U.S.C. § 1915

---

Plaintiff, Ernie Lee Calbart, is in the custody of the Colorado Department of Corrections at the Correctional Facility in Sterling, Colorado. This action was originally filed in the Northern District of Illinois and was transferred to this Court on January 27, 2016. Mr. Calbart filed a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 (ECF No. 7), which the Court denied on February 11, 2016 because the account statement Mr. Calbart submitted in support of his request to proceed *in forma pauperis* indicates that he had an available balance of $1,133.46 in his inmate account on February 1, 2016. (*See* ECF No. 7 at 11.) Consequently, the Court ordered Mr. Calbart to pay the $400.00 filing fee within 30 days of the February 11, 2016 Order.

On February 26, 2016, Mr. Calbart filed a Letter (ECF No. 10), in which he states that the money order deposited to his inmate trust fund account on January 4, 2016, in the amount of $8,069.00 "belongs to" his two daughters who are in college. *Id.* Mr. Calbart

1

has submitted an updated inmate account statement, dated February 17, 2016, which shows that he has an available balance of $ 220.11.

The Court construes Mr. Calbart's February 26, 2016 *pro se* Letter liberally as a motion to reconsider the order denying him leave to proceed *in forma pauperis*. See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). A district court has discretion to revise interlocutory orders prior to entry of final judgment. *Price v. Philpot*, 420 F.3d 1158, 1167 n. 9 (10th Cir. 2005) ("[E]very order short of a final decree is subject to reopening at the discretion of the district judge."); *Wagoner v. Wagoner*, 938 F.2d 1120, 1122 n. 1 (10th Cir.1991) (noting that a motion for reconsideration filed prior to final judgment "was nothing more than an interlocutory motion invoking the district court's general discretionary authority to review and revise interlocutory rulings prior to entry of final judgment."); *Anderson v. Deere & Co.*, 852 F.2d 1244, 1246 (10th Cir.1988) (citing Fed.R.Civ.P. 54(b)). The district court's discretion to revise its interlocutory orders is not limited by the standards for reviewing a post-judgment motion filed pursuant to Rule 59(e) or 60(b) of the Federal Rules of Civil Procedure. See *Raytheon Constructors Inc. v. ASARCO, Inc.,* 368 F.3d 1214, 1217 (10th Cir. 2003) (stating that "[t]he district court was incorrect to treat the plaintiff's motion for reconsideration [of an interlocutory order] under Rule 60(b) which only applies to final orders or judgments.").

The Court has reviewed Mr. Calbart's most recent inmate account statement, which reveals that following the January 4, 2016 deposit, most of the $8,069.00 were removed from the account pursuant to money order debits issued in January and February 2016. The Court has therefore recalculated Mr. Calbart's ability to pay the $400.00 filing fee, without regard to the amount of moneys deposited to his account on

2

January 4, 2016, which were debited to the account over the next several weeks.

Under 28 U.S.C. § 1915(b)(1), the Court shall assess an initial partial filing fee of 20 percent of the greater of: (A) the average monthly deposits to the prisoner's account; or (B) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the Complaint. Based on the information provided about Plaintiff's financial status, the Court has determined that Plaintiff is able to pay an initial partial filing fee of $27.00. Plaintiff has consented to disbursement of partial payments of the filing fee from his prison account. (ECF No. 7 at 3). Plaintiff is required to pay the full amount of the required $350.00 filing fee pursuant to § 1915(b)(1) regardless of the outcome of this action. Accordingly, it is

ORDERED that Mr. Calbart's motion for reconsideration (ECF No. 10), filed on February 26, 2016, is GRANTED. It is

FURTHER ORDERED that the February 11, 2016 Order (ECF No. 9) is VACATED. It is

FURTHER ORDERED that the Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 (ECF No. 7) is GRANTED. It is

FURTHER ORDERED that within thirty days of the date of this Order Plaintiff's custodian shall disburse from Plaintiff's prison account an initial partial filing fee of $27.00 to the Clerk of the United States District Court for the District of Colorado, which represents 20 percent of the greater of the (1) average monthly deposits, or (2) average monthly balance in Plaintiff's prison accounts for the six-month period immediately preceding the filing of the complaint. *See* 28 U.S.C. §1915(b). It is

FURTHER ORDERED that after payment of the initial partial filing fee Plaintiff's custodian shall disburse from Plaintiff's prison account monthly payments of 20 percent of the preceding month's income credited to this prison account until Plaintiff has paid the total filing fee of $350.00. See 28 U.S.C. §1915(b)(2). Interference by Plaintiff in the submission of these funds will result in the dismissal of this action. It is

FURTHER ORDERED that Plaintiff is advised that notwithstanding any filing fee, or any portion thereof, that may have been paid, the Court shall dismiss at any time all or any part of such complaint which (1) is frivolous or malicious; (2) fails to state a claim on which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. §1915(A)(b); 28 U.S.C. § 1915(e)(2). It is

FURTHER ORDERED that Plaintiff's custodian shall continue to disburse monthly payments from Plaintiff's prison until full payment of the filing fee has been paid to the Court, even after disposition of the case and regardless of whether relief is granted or denied. It is

FURTHER ORDERED that the Clerk of the Court shall not issue process until further order of the Court. It is

FURTHER ORDERED that the Clerk of the Court shall mail a copy of this Order to DOC_inmateaccounts@state.co.us.

DATED March 1, 20161, 2016 at Denver, Colorado.

BY THE COURT:

s/Lewis T. Babcock  
LEWIS T. BABCOCK, Senior Judge  
United States District Court

4